ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—December, 1886.

MATTER OF BEAKES.

*In the matter of the estate of* HENRY S. BEAKES, *de-
ceased.*

A resignation of the office of executor is not subject to retraction.

The selection of an administrator, *c. t. a., d. b. n,* is to be made with ref-
erence to the portion of the decedent's estate left unadministered.

Testator, by his will, after bequeathing several legacies, directed the exec-
utors to convert the rest of the estate into money, and divide it into
four equal parts, one of which he gave to them in trust for the bene-
fit of successive life tenants ; with remainders over. The first life
tenant having died, and the office of executor being vacant, the occa-
sion arose for the appointment of an administrator, *c. t. a.,* to execute
the trust.—

*Held,* that all the persons immediately and ultimately interested in the
fund were to be classed together as "principal or specific legatees,"
within the meaning of Code Civ. Pro., § 2643, subd. 2, and that the
Surrogate had a discretion to select from their number, having regard
to the nature of their respective interests.

APPLICATION for letters of administration with the
will of decedent annexed.

Decedent died in 1869, leaving a will which was
subsequently proved, and of which Alexander Wright,
David C. Winfield, and Charles C. McQuoid were ap-
pointed and qualified as executors. Mr. Wright
shortly thereafter, on his own application to the Su-
preme court, by consent resigned and was discharged.
Subsequently the other executors died.

The testator by his will, after giving several lega-
cies, directed his executors to convert the balance of
his estate into money, and divide it into four equal

parts, one of which parts he gave to his executors in trust for the benefit of his son, William, for life, and, at his death, to divide the same into two equal portions, and pay the interest on one of said portions to Laura G. Beakes, who is now Mrs. Foote, the daughter of his said son, during her life, and at her death to pay the principal thereof to her children who shall survive her, and, if she has no children living at her death, then to pay the same to the testator's three daughters, Mrs. Wright, Mrs. McQuoid, and Mrs. Winfield; and to pay the interest on the other portion to Harry S. Beakes, the son of the said William, during the life of the said Harry, and, at his death, to pay the principal thereof to his children who shall survive him, and, if he leave no children surviving him, then to pay the same to the testator's said three daughters.

William Beakes, the son, died leaving his daughter, Mrs. Foote, and his son, Harry S. Beakes, who were both still living. Mrs. Foote was married, and had one son, George W. Foote, a minor living. Harry S. Beakes had never been married.

These proceedings were commenced by the filing of a petition by Mrs. Foote asking the appointment of one John K. Halstead as administrator with the will annexed. Upon the return of the citation, Mrs. McQuoid, Mrs. Wright and Mrs. Winfield opposed and asked to be appointed, and also filed what purported to be a retraction by Mr. Wright of his resignation. Thereupon John K. Halstead, as general guardian of George W. Foote, filed a petition for his appointment in the right of his ward. Henry S. Beakes was represented in the proceedings by the attorneys of his

sister Mrs. Foote, and desired Mr. Halstead's appointment.

WADSWORTH & GOTT, *for Mrs. Foote, Mr. Halstead and Harry S. Beakes.*

C. G. DILL, *for Mrs. McQuoid and sisters.*

THE SURROGATE.—The executor, Wright, having once entered upon the discharge of his duties, as executor, and having afterwards, on application to the Supreme court, been permitted to resign, and by the court, discharged from his duties, cannot, under § 2639, of the Code of Civil Procedure, retract that resignation (Matter of Suarez, 3 *Dem.*, 164). The application of Mrs. Foote for the appointment of John K. Halstead, a stranger to the estate, cannot prevail against the application of Mrs. McQuoid, Mrs. Winfield and Mrs. Wright, who are legatees.

The right to the administration is now controlled by § 2643 of the Code of Civil Procedure. The portion of the estate, left unadministered by the deceased executor, is that part of the residue of his estate, which was given the executors in trust for the purposes specified in the will; and those ultimately entitled to receive it do not take as residuary legatees, but rather as remaindermen, or general legatees. All the persons interested in the fund are, therefore, to be classed together under the second subdivision of the section, which directs the issuance of letters "to the principal or specific legatees" who are qualified to act as administrators (See Quintard v. Morgan, 4 *Dem.*, 168). Harry S. Beakes lives in a remote state, and does not desire the appointment. George W. Foote being a minor, his guardian cannot take as

against the adult legatees (Cottle v. Vanderheyden, 11 *Abb., N. S.,* 17; Estate of Morgan, 8 *Civ. Pro. R.,* 77; s. c. Quintard v. Morgan, *supra*).

The interests of Mrs. McQuoid, Mrs. Winfield and Mrs. Wright in the fund are very remote. They are ladies well advanced in life, and whether they shall ever be entitled to share in the fund depends not only upon the contingency of Mrs. Foot and Harry S. Beakes, or either of them, dying without leaving living issue, but upon their surviving the happening of this contingency upon which their interests depend (Hulse v. Reeves, 3 *Dem.,* 486; affi'd, Ct. App., Oct., 1886).

Mrs. Foote alone remains to be considered. She has a vested life interest in one half of the fund, and would, therefore, seem to have the highest claim to the appointment. Therefore, exercising the discretion belonging to the court, which of several persons to designate, I direct that letters issue to Mrs. Foote, if she desires to act, and, if not, then to Mrs. McQuoid, Mrs. Winfield and Mrs. Wright. If Mrs. Foote desires to associate Mr. Halstead with her, she may do so (Quintard v. Morgan, *supra*).